December 3, 1906.

———————◻———————

No. 4087.

(Court of Appeal, Parish of Orleans.)

## CHAS. J. SEARLES vs. MRS. B. MEYER, WIFE OF DAVID MEYER.

1. Where order for cotton for future delivery was placed with a Vicksburg, Miss., broker at Vicksburg, and the commodity was bought by the broker's correspondent in

New Orleans on the New Orleans Cotton Exchange the contract is a Louisiana contract.

2. The record showing that *future delivery* was contemplated by the parties, the contract, even if made in the State of Mississippi, was not violative of the laws of that State.

Appeal from Civil District Court, Division A.

T. M. & J. D. Miller, for plaintiff and appellee.

Edward Rightor, for defendant and appellant.

ESTOPINAL, J.   The facts forming the basis for this suit are not disputed.   Plaintiff brings this action by attachment against defendant, a non-resident, alleging that on the 27th day of June, 1901, defendant through her agent, O. E. Meyer, furnished to petitioner, a draft for one thousand ($1000.00) dollars drawn on John M. Parker & Co. of this city; that the draft was duly presented for payment and refused, whereupon defendant was promptly notified of such refusal.

Deducting from the face of the draft the sum of $366.35 which was the balance due defendant upon the running account with plaintiff, the latter seeks to recover the difference, or $633.65.

Judgment below was for plaintiff and defendant appeals. Of the two defenses urged below, viz: First, "that defendant's agent was without authority to draw the draft" and second, "that if her agent did have authority, the draft having been given in settlement of *future cotton* speculations, plaintiff cannot recover as contracts in "future" are reprobated by and unenforceable under the laws of the State of Mississippi, the first is not urged on appeal and will therefore not be considered.   The question to be determined is whether the contract, in consideration of which the draft was drawn, is violative of the Mississippi statute.   This law makes unenforceable contracts commonly called "future" when the parties do not intend or contemplate that the commodity is to be actually delivered.

We find, in the first place, that the contract was made on the Cotton Exchange of this city the rules of which forbid expressly sales of cotton not intended for future delivery.   That the cotton was bought through the New Orleans correspon-

dent of the plaintiff and that in truth and in fact the *order* only was given in Vicksburg, but that the contract itself was closed in New Orleans according to the Cotton Exchange rules. The contract appears to us to be a Louisiana contract.

Assuming however that defendant is correct in his position that the contract was a Mississippi contract, we do not deem it to be one reprobated by the laws of that State.

The transaction was made on the New Orleans Cotton Exchange, an institution which itself strictly reprobates the sale of "futures" where delivery is not intended and there is the testimony of plaintiff who is favorably referred to by the District Judge who saw and heard him, who says that it was contemplated there should be actual delivery under this state of facts the contract would be a valid one in the State of Mississippi

The burden of defendant's argument is devoted to an endeavor to show the relation existing between the plaintiff and Fairchild & Hobson, plaintiff's correspondents in New Orleans, with the purpose of showing that the money if due at all, is due to Fairchild & Hobson who employed Searles (plaintiff) as their agent in Vicksburg. This defense is not urged in the pleadings and does not appear to have been made in the lower Court. At any rate it is not a serious defense.

We are of opinion that the contract was a Louisiana contract and that the same character of contract made in Mississippi would be perfectly valid and binding under the laws of Mississippi.

There was no error in the judgment below and it is hereby affirmed.